# SUPREME COURT.

OF THE

# STATE OF NEW YORK

AT GENERAL TERM,

NOT REPORTED IN FULL IN THE REGULAR SERIES OF REPORTS, FROM
DECEMBER, 1889, WITH ANNOTATIONS.

---

HENRY BACON, Respondent, *v.* HARRISON W. NANNY *et al.*,
Appellants.

*Supreme Court, Second Department, General Term, December 9, 1889.*

1. *Municipal corporation. Villages. Sewers.*—Sewers cannot be con-
structed under the provisions of the general act of 1870, as amended by
chap. 186 of 1889, without a petition of the majority of the property
owners, and the expense is to be charged on the abutting property
except when they cross streets or run along village property.
2. *Same.*—The right to construct drains at the general expense, in a proper
case, still remains and can be exercised under chap. 375 of 1889.

Appeal from an order continuing an injunction.

Action to restrain defendants from proceeding under a res-
olution adopted by them as the board of trustees of the
village of Goshen, to raise the sum of $42,000 by taxation for

the purpose of sewering the village, and to issue bonds therefor.

The village is organized under the general act, chap. 291, Laws 1870.

*Harrison W. Nanny (Geo. W. Green*, of counsel), for appellants.

*Joseph Merritt (Henry Bacon*, in person, of counsel), for respondent.

CULLEN, J.—The question for decision in this case is whether the village of Goshen, a village incorporated under the general statute, had the power to construct a general system of sewers at the expense of the village at large, and issue bonds for the expense to be incurred.

Under the general act, chap. 291, Laws of 1870, by subd. 25, § 3, title 3, the trustees of villages were empowered " to construct sewers, culverts and drains." No special provision was made as to assessing the expense on adjacent property. This is the only grant of power to construct sewers to be found in that statute. This section was from time to time amended. Chap. 78, Laws of 1874 ; chap. 242, Laws of 1875 ; chap. 281, Laws of 1878. These amendments directed the cost of sewers to be assessed on the adjacent property. In 1885, chap. 236, this subdivision was again amended so as to read substantially in the same form in which it was originally enacted.

In 1887, chap. 513, the section was again amended by adding to it subdivision 29. That subdivision authorized the president and trustees " to provide a proper and sufficient drainage and sewerage for the village and to that end," to acquire by purchase or condemnation land or streams necessary for the purpose. No provision is made for the expense of such land or streams. As the law stood in 1885 we think it clear that the trustees were empowered to construct sewers at the expense of the village. Such sewers were a general

charge, for the reason that there was no provision to the contrary. The amendment of 1887 did not create a new system of general sewers as distinguished from local sewers, for there was no system of local sewers at the time of the enactment of that amendment. It relates solely to the acquisition of lands or water-courses for the sewers, and grants power in that respect which had not theretofore been possessed by the trustees.

In 1889 (chapter 186), subdivision 25, was again amended. The general authority is given to " construct culverts and drains (sewers being omitted), and " to cause all necessary sewers to be built," the expense thereof to be assessed on the village at large so far as the sewers crossed streets or ran along village property and the remainder on the lots fronting on the sewers. It is claimed that this amendment relates only to what are termed local sewers, and that subdivisions 25 and 27 contemplate different systems of sewers. There is nothing in the history of this legislation to justify the claim. As already seen, when subdivision 29 was enacted, all sewers were a general charge and hence, until the act of 1889, there could not be two systems, and the enactment of that amendment cannot affect the construction of the law of 1887. The last named law does not authorize the construction of sewers in terms. That power was already granted by subdivision 25.

In the clause of the statute granting the general power, sewers have been stricken out by the act of 1889, leaving the authority to construct culverts and drains unaffected, while sewers are not to be constructed under the provisions of the act except upon the petition of the majority of the property owners, and the expense thereof to be charged as before mentioned.

We think this the only authority now existing under the general statute for incorporation of villages to construct sewers and that it can be exercised only upon compliance with the conditions precedent prescribed by the statute.

The right to construct drains at the general expense still remains, and if it be necessary for the public health that a general system of sewerage should be built, that can be accomplished by proceeding under the general act for the construction of sewers in villages. Chap. 375, Laws of 1889.

The order appealed from should be affirmed, with ten dollars costs.

BARNARD, P. J., and DYKMAN, J., concur.